UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Domingo Germosen, individually and on behalf all other
employees similarly situated,

                                        Plaintiff,

                    - against -

                                                                    Case No.

                                                                    **COLLECTIVE ACTION
                                                                    COMPLAINT**

Du-Well Furniture Services, Inc. d/b/a Du-Well Furniture
Finishers, Du-Well Wood Restoration Corp., d/b/a Du-
Well Wood Restoration, Nix Restoration, Inc., d/b/a Nix
Restoration, Regal Finishing Corp., d/b/a Regal Finishing,
Richard Nix, and James Nix

                                        Defendants.

        Plaintiff DOMINGO GERMOSEN ("Plaintiff") on his own behalf and on behalf of all

others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC,

hereby files this complaint against the Defendants Du-Well Furniture Services, Inc. d/b/a Du-Well

Furniture Finishers, Du-Well Wood Restoration Corp., d/b/a Du-Well Wood Restoration, Nix

Restoration, Inc., d/b/a Nix Restoration, Regal Finishing Corp., d/b/a Regal Finishing, Richard

Nix, and James Nix (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

        1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful

employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) damages for Defendants' retaliation against Plaintiff, (4) damages for Defendants' retaliation against Plaintiff, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.      Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid agreed upon wages, (3) unlawful retention of wages, (4) damages for Defendants' retaliation against Plaintiff, (5) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (6) liquidated damages equal to the sum of unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

7.      Plaintiff Domingo Germosen is a resident of the Bronx and was employed as a finishing worker by Defendants Du-Well Furniture Services, Inc. d/b/a Du-Well Furniture Finishers, and/or Du-Well Wood Restoration Corp., d/b/a Du-Well Wood Restoration, with its principal place of business at 1360 Garrison Avenue, Bronx, NY 10454, and Nix Restoration, Inc., d/b/a Nix Restoration, and/or Regal Finishing Corp., d/b/a Regal Finishing, with principal place of business at 798 East 139 Street, Bronx, NY 10454 from January, 2006 to February 7, 2017.

**CORPORATE DEFENDANTS**

8.      Upon information and belief, DEFENDANT DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS, is a dissolved domestic business corporation previously organized and existing under the laws of the State of New York and maintained its principal place of business at 1360 Garrison Avenue, Bronx, NY 10454.

9.      Upon information and belief, Defendant DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION, is a dissolved domestic business corporation previously organized and existing under the laws of the State of New York and maintained its principal place of business at 1360 Garrison Avenue, Bronx, NY 10454.

10.     Upon information and belief, Defendant, NIX RESTORATION, INC., d/b/a NIX RESTORATION, is the successor to DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS, is a domestic business corporation organization and existing under the laws of the State of New York and maintaining its principal place of business at 798 East 139 Street, Bronx, NY 10454.

11.     Upon information and belief, Defendant, REGAL FINISHING CORP., d/b/a REGAL FINISHING, is the successor to NIX RESTORATION, INC., d/b/a NIX

RESTORATION, is a domestic business corporation organization and existing under the laws of the State of New York and maintaining its principal place of business at 798 East 139 Street, Bronx, NY 10454.

12.     Upon information and belief, at all times relevant hereto, Corporate Defendants, were a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

13.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

14.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

15.     Corporate Defendants have been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## CORPORATE DEFENDANTS AS SUCCESSOR EMPLOYERS AND/OR JOINT EMPLOYERS

16.     Upon information and belief, at all times relevant to this action, Corporate Defendants either do or did business as DU-WELL FURNITURE FINISHERS, DU-WELL WOOD RESTORATION, NIX RESTORATION, and/or REGAL FINISHING as joint employers concurrently or as successor employers or both.

17.     In either case, corporate Defendants are jointly and severally liable to overtime compensation owed to Plaintiff and similarly situated employees.

18.     Upon information and belief, at all times relevant to this action, Corporate Defendants do or did business as DU-WELL FURNITURE FINISHERS, DU-WELL WOOD

RESTORATION, NIX RESTORATION, and/or REGAL FINISHING, engaged in substantially the same work in substantially the same working conditions under substantially same supervisors.

19.    Upon information and belief, Corporate Defendants are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

20.    Upon information and belief, at all times relevant to this action, if Corporate Defendants do or did business as DU-WELL FURNITURE FINISHERS, DU-WELL WOOD RESTORATION, NIX RESTORATION, and/or REGAL FINISHING, as joint employers concurrently, they are joint employers because they concurrently engage employees to work for DU-WELL FURNITURE FINISHERS, DU-WELL WOOD RESTORATION, NIX RESTORATION, and/or REGAL FINISHING, and share substantially the same management and control over the restaurant.

21.    The Corporations that do business as DU-WELL FURNITURE FINISHERS, DU-WELL WOOD RESTORATION, NIX RESTORATION, and/or REGAL FINISHING, are joint employers of Plaintiff and constitute an enterprise as is defined by 29 USC §203( r ) insofar as the four establishments operate the same type of business, and thus share the same staff, pay Plaintiff as shareholders of DU-WELL FURNITURE FINISHERS, DU-WELL WOOD RESTORATION, NIX RESTORATION, and/or REGAL FINISHING, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same owners.

## INDIVIDUAL DEFENDANTS

22.     Upon information and belief, Defendant RICHARD NIX is the owner, officer, director and/or managing agent of DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS at 1360 Garrison Avenue, Bronx, NY 10454 and participated in the day-to-day operations of DU-WELL FURNITURE FINISHERS, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS.

23.     Upon information and belief, Defendant RICHARD NIX owns the stock of DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

24.     Upon information and belief, Defendant JAMES NIX is the owner, officer, director and/or managing agent of DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS at 1360 Garrison Avenue, Bronx, NY 10454 and participated in the day-to-day operations of DU-WELL FURNITURE FINISHERS, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with DU-WELL FURNITURE SERVICES, Inc. d/b/a DU-WELL FURNITURE FINISHERS.

25.     Upon information and belief, Defendant JAMES NIX owns the stock of DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS and manages and

makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

26.     Upon information and belief, Defendant RICHARD NIX is the owner, officer, director and/or managing agent of DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION at 1360 Garrison Avenue, Bronx, NY 10454 and participated in the day-to-day operations of DU-WELL WOOD RESTORATION, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION.

27.     Upon information and belief, Defendant RICHARD NIX owns the stock of DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

28.     Upon information and belief, Defendant JAMES NIX is the owner, officer, director and/or managing agent of DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION at 1360 Garrison Avenue, Bronx, NY 10454 and participated in the day-to-day operations of DU-WELL WOOD RESTORATION, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION.

29.     Upon information and belief, Defendant JAMES NIX owns the stock of DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION and manages and

makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

30.     Upon information and belief, Defendant RICHARD NIX is the owner, officer, director and/or managing agent of NIX RESTORATION, INC., d/b/a NIX RESTORATION at 798 East 139 Street, Bronx, NY 10454 and participated in the day-to-day operations of NIX RESTORATION, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with NIX RESTORATION, INC., d/b/a NIX RESTORATION.

31.     Upon information and belief, Defendant RICHARD NIX owns the stock of NIX RESTORATION, INC., d/b/a NIX RESTORATION and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

32.     Upon information and belief, Defendant JAMES NIX is the owner, officer, director and/or managing agent of NIX RESTORATION, INC., d/b/a NIX RESTORATION at 798 East 139 Street, Bronx, NY 10454 and participated in the day-to-day operations of NIX RESTORATION, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with NIX RESTORATION, INC., d/b/a NIX RESTORATION.

33.     Upon information and belief, Defendant JAMES NIX owns the stock of NIX RESTORATION, INC., d/b/a NIX RESTORATION and manages and makes all business

decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

34.     Upon information and belief, Defendant RICHARD NIX is the owner, officer, director and/or managing agent of REGAL FINISHING CORP., d/b/a REGAL FINISHING at 798 East 139 Street, Bronx, NY 10454 and participated in the day-to-day operations of REGAL FINISHING, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with REGAL FINISHING CORP., d/b/a REGAL FINISHING.

35.     Upon information and belief, Defendant RICHARD NIX owns the stock of REGAL FINISHING CORP., d/b/a REGAL FINISHING and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

36.     Upon information and belief, Defendant JAMES NIX is the owner, officer, director and/or managing agent of REGAL FINISHING CORP., d/b/a REGAL FINISHING at 798 East 139 Street, Bronx, NY 10454 and participated in the day-to-day operations of REGAL FINISHING, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with REGAL FINISHING CORP., d/b/a REGAL FINISHING.

37.     Upon information and belief, Defendant JAMES NIX owns the stock of REGAL FINISHING CORP., d/b/a REGAL FINISHING and manages and makes all business decisions

including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

38.     At all times relevant herein, DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS, and/or DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION, and/or NIX RESTORATION, INC., d/b/a NIX RESTORATION, and/or REGAL FINISHING CORP., d/b/a REGAL FINISHING were, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

39.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by DU-WELL FURNITURE SERVICES, INC. d/b/a DU-WELL FURNITURE FINISHERS, and/or DU-WELL WOOD RESTORATION CORP., d/b/a DU-WELL WOOD RESTORATION, and/or NIX RESTORATION, INC., d/b/a NIX RESTORATION, and/or REGAL FINISHING CORP., d/b/a REGAL FINISHING.

40.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

41.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

**<u>STATEMENT OF FACTS</u>**

42.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

43.     Defendants knew that the nonpayment of overtime pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

**Plaintiff Domingo Germosen**

44.　　From January 2006 to February 7, 2017, Plaintiff Domingo Germosen was hired by Defendants to work as a finishing worker for Defendants' various businesses.

45.　　Plaintiff worked from 6 a.m. until 5 p.m. six (6) days per week from Monday through Saturday. He was usually off on Sundays. Plaintiff worked approximately sixty (66) hours per week.

46.　　From January 2006 – January 2009, Plaintiff was paid an hourly rate of $10.

47.　　From January 2009 – June 2014, Plaintiff was paid an hourly rate of $13.

48.　　From June 2014 – February 2017, Plaintiff was paid an hourly rate of $15.

49.　　Plaintiff was not required to record his hours worked.

50.　　Defendants did not compensate Plaintiff overtime compensation according to state and federal laws.

51.　　Defendants did not provide Plaintiff with a wage notices at the time of his hiring.

52.　　Defendants committed the following alleged acts knowingly, intentionally and willfully.

53.　　Defendants knew that the nonpayment of overtime would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

54.　　While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

55.　　Plaintiff and the FLSA Collective Action Members' workdays frequently lasted longer than 10 hours.

56.　　Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

57.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## FACTUAL ALLEGATIONS RELATED TO RETALIATION CLAIM

58.     On or about February 7, 2017, Plaintiff, Domingo Germosen, met with the Defendant, James Nix, in order to discuss the issue about not having been paid overtime.

59.     Plaintiff, Domingo Germosen, showed Defendant, James Nix, personal estimated logs of overtime owed to him, in which James Nix acknowledged the overtime yet denied to pay Plaintiff his lawfully earned overtime compensation.

60.     Plaintiff, Domingo Germosen, demanded he be paid his earned overtime in which Defendants responded by initiating and engaging in series of retaliatory action against the Plaintiff due to Plaintiff's exercise of his protected rights under the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

61.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

62.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their four finishing locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours

worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

63. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than fifteen (15) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

64. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

65. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

66. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

67.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

68.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

69.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

72.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

73.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

74.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

75.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

76.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

78.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

80.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the NYLL.

81.     Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

## COUNT III
### [Violation of Fair Labor Standards Act – Retaliation]

82.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.     Defendants willfully and unlawfully retaliated against Plaintiff for his exercise of protected activities, namely, requesting compensation of overtime at statutory rate of time and a half.

84.     In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

85.     Defendants' conduct violated the FLSA §215.

86.     As a direct and proximate consequence of Defendants' intentional, unlawful and discriminatory employment practices, Plaintiff has suffered, and continue to suffer, monetary damages including but not limited to, a loss of income, including past salary and future salary.

**COUNT IV**
**[Violation of New York Labor Law – Retaliation]**

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     Defendants willfully and unlawfully retaliated against Plaintiff for his exercise of protected activities, namely, requesting compensation of overtime at statutory rate of time and a half.

89.     In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

90.     Defendants' conduct violated the New York Labor Law §215.

91.     As a direct and proximate consequence of Defendants' intentional, unlawful and discriminatory employment practices, Plaintiff has suffered, and continue to suffer, monetary damages including but not limited to, a loss of income, including past salary and future salary.

## COUNT V
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

92.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.    The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

94.    Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI
### [Violation of New York Labor Law—New York Pay Stub Requirement]

95.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

96.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

97.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or

after each Plaintiff's payday.

98.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### **Prayer for Relief**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective members, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Du-Well Furniture Services, Inc., Du-Well Wood Restoration Corp., Nix Restoration, Inc., and Regal Finishing Corp. its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation against the plaintiff pursuant The Fair Labor Standards Act §215.

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation against the plaintiff pursuant New York Labor Law §215.

k) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent, as required by NYLL §198(4); and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York March 29, 2017          HANG & ASSOCIATES, PLLC.

                                                  _/S/ JIAN HANG_
                                                  _____
                                                  Jian Hang, Esq.
                                                  136-18 39th Ave., Suite 1003
                                                  Flushing, New York 11354
                                                  Tel: 718.353.8588
                                                  jhang@hanglaw.com
                                                  _Attorneys for Plaintiff_

# EXHIBIT 1

### CONSENT TO SUE UNDER
### FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Regal Finishing Corp. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Domingo Burrtosuu_
Full Legal Name (Print)

_Domingo Burrtos_
Signature

_3 - 22 - 17_
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO: RICHARD NIX, and JAMES NIX

  PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Domingo Germosen, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Du-Well Furniture Services, Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

  Dated: March 29, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO: RICHARD NIX, and JAMES NIX

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Domingo Germosen, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Du-Well Wood Restoration Corp. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: March 29, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO: RICHARD NIX, and JAMES NIX

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Domingo Germosen, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Nix Restoration, Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: March 29, 2017

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO: RICHARD NIX, and JAMES NIX

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Domingo Germosen, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Regal Finishing Corp. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      Dated: March 29, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

DU-WELL FURNITURE SERVICES, INC.
1360 Garrison Avenue,
Bronx, NY 10454

PLEASE TAKE NOTICE, that Domingo Germosen, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 29, 2017

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

      DU-WELL WOOD RESTORATION CORP.
      1360 Garrison Avenue,
      Bronx, NY 10454

    PLEASE TAKE NOTICE, that Domingo Germosen, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

    Dated: March 29, 2017

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:

NIX RESTORATION, INC.
798 East 139 Street,
Bronx, NY 10454

PLEASE TAKE NOTICE, that Domingo Germosen, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 29, 2017

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

REGAL FINISHING CORP.
798 East 139 Street,
Bronx, NY 10454

PLEASE TAKE NOTICE, that Domingo Germosen, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 29, 2017