UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Domingo Germosen, individually and on behalf all          Case No. 1:17-cv-02285
other employees similarly situated,

                             Plaintiff,

    -against-

Du-Well Furniture Services, Inc. d/b/a Du-Well
Furniture Finishers, Du-Well Wood Restoration
Corp., d/b/a Du-Well Wood Restoration, Nix
Restoration, Inc., d/b/a Nix Restoration, Regal
Finishing Corp., d/b/a Regal Finishing, Richard Nix,
and James Nix,

                             Defendants.
---------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Regal Finishing Corp., d/b/a Regal Finishing and James Nix (collectively "Defendants") and Domingo Germosen ("Plaintiff"), each a "Settling Party" and collectively, the "Settling Parties," desiring to settle all matters between them, hereby agree to this Settlement Agreement and General Release (the "Agreement" or the "Settlement Agreement") as follows:

**WHEREAS**, the instant United States District Court, Southern District of New York action, Case No. 17-cv-2285 (the "Litigation"), was originally filed on March 29, 2017 by Plaintiff against Defendants, among others, alleging violations of overtime compensation, failure to provide wage notice and pay stubs, retaliation, and liquidated damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Defendants do not concede liability or any other aspect of Plaintiff's allegations, including but not limited to, FLSA and NYLL claims of failure to pay overtime wages, failure to provide wage notice and pay stubs, retaliation; and in fact, deny such allegations in their entirety;

**WHEREAS**, the Settling Parties have determined it to be in their mutual interests to settle any and all claims or other matters between them and to dismiss the Litigation with prejudice;

**NOW, THEREFORE**, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Settling Parties agree as follows:

    1.    **Consideration and Confession of Judgment.**

1.1     In consideration for Plaintiff signing this Agreement and in full satisfaction of all claims that Plaintiff may have against Defendants and any of their parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, officers, directors and agents thereof (collectively "Releasees") known or unknown, asserted or unasserted, Defendants agree to pay to Plaintiff, on or before July 1, 2019, the total sum of **Thirty-Three Thousand Dollars and No Cents ($33,000.00)** ("the Settlement Sum"), in a series of fourteen installments set forth below, which each installment due on or before the listed Installment Date. This Settlement Sum is inclusive of all attorneys' fees and costs. The settlement shall be allocated as follows: $21,600 to Plaintiff, and $11,400.00 to Hang & Associates, PLLC as fees in the amount of $10,800.00 and costs in the amount of $600.00. Such payment shall be sent to Plaintiff's counsel, Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, and the checks shall be payable as follows on or before the date indicated below. However, it is understood that, if the Court has not approved this Settlement Agreement by the payment dates listed below, Plaintiff's counsel shall hold the checks in escrow, and shall not distribute the checks and/or funds to Plaintiff, until such Court approval is granted. If the Court does not approve this Settlement Agreement, Plaintiff's counsel is to immediately return the Settlement Sum that Plaintiff's counsel has already received as part of this Settlement Agreement.

(i)     <u>On or before June 1, 2018 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments</u>:
    1.     One check payable to Domingo Germosen in the amount of $1,570.91;
    2.     One check payable to Hang & Associates, PLLC in the amount of $829.09;

(ii)    <u>On or before July 1, 2018 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments</u>:
    1.     One check payable to Domingo Germosen in the amount of $1,570.91;
    2.     One check payable to Hang & Associates, PLLC in the amount of $829.09;

(iii)   <u>On or before August 1, 2018 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments</u>:
    1.     One check payable to Domingo Germosen in the amount of $1,570.91;
    2.     One check payable to Hang & Associates, PLLC in the amount of $829.09;

(iv)    <u>On or before September 1, 2018 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments</u>:
    1.     One check payable to Domingo Germosen in the amount of $1,570.91;
    2.     One check payable to Hang & Associates, PLLC in the amount of $829.09;

(v) On or before October 1, 2018 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(vi) On or before November 1, 2018 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(vii) On or before December 1, 2018 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(viii) On or before January 1, 2019 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(ix) On or before February 1, 2019 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(x) On or before March 1, 2019 (sum of two thousand for hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(xi) On or before April 1, 2019 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(xii) On or before May 1, 2019 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments:
1. One check payable to Domingo Germosen in the amount of $1,570.91;

        2.      One check payable to Hang & Associates, PLLC in the amount of $829.09;

(xiii)    <u>On or before June 1, 2019 (sum of two thousand four hundred dollars and no cents ($2,400.00)), representing the following payments</u>:
1. One check payable to Domingo Germosen in the amount of $1,570.91;
2. One check payable to Hang & Associates, PLLC in the amount of $829.09;

(xiv)    <u>On or before July 1, 2019 (sum of one thousand eight hundred dollars and no cents ($1,800.00)), representing the following payments</u>:
1. One check payable to Domingo Germosen in the amount of $1,178.18;
2. One check payable to Hang & Associates, PLLC in the amount of $621.82;

Regal Finishing Corp., d/b/a Regal Finishing shall issue a Form W-2 and/or 1099 for the taxable year of 2018 and 2019. Upon the execution of this Settlement Agreement and before Plaintiff may receive and/or deposit any of the checks, Plaintiff shall provide Defendants with a Taxpayer Identification Number (TIN) or Social Security Number (SSN), and a valid photograph identification.

1.2    Should Defendants fail to make any installment payment to Plaintiff as stated in Paragraph 1.1 within five (5) days of the Installment Date, Plaintiff is to immediately notify Defendants by email of the default (notice deemed completed upon sending via: (1) email to mark@pincus-law.com and (2) certified mail to Mark Pincus, Esq., Pincus Law LLC, One Liberty Plaza, 35th Floor, New York, NY 10006, but failure to immediately notify Defendants shall not be construed as a waiver of the right to do so. Defendants shall have fourteen (14) calendar days after the notification is sent to remit payment to Plaintiff. This cure period shall only apply to the first two untimely payments. Should Defendants fail to make timely payment a third time, Plaintiff will be permitted to immediately file the confession of judgment without additional notice to Defendants.

1.3    Upon the full execution of this Settlement Agreement, Plaintiff or Defendants shall file with the Court the Stipulation of Voluntary Dismissal with Prejudice attached herewith as **Exhibit "A"**.

1.4    As part of this Agreement, Defendants will confess judgment, jointly and severally, for the sum of **FORTY THOUSAND DOLLARS and NO CENTS ($40,000.00)**, with credit to be granted for any payments already made, which Plaintiff shall have the right to file and enter judgment on in the event Defendants fail to make any of the payments required in Paragraph 1.1, and fail to cure such default as provided in Paragraph 1.2 by 5 p.m. EST on the fourteenth (14th) calendar day from the date of such notice, with time of the essence. The confessions of judgment shall be held in escrow by Plaintiff's counsel and not filed in any court unless Defendants default on this Settlement Agreement by failing to make and timely cure a required payment as provided by Paragraph 1.2. Said confessions of judgment are attached herewith as **Exhibit "B"**. Confessions of judgment in this amount were a *sine qua non* of the settlement.

1.5     Upon payment made in full in accordance with Paragraph 1.1, the original confessions of judgment shall be returned back to Defendants' counsel by certified mail to Mark Pincus, Esq., Pincus Law LLC, One Liberty Plaza, 35th Floor, New York, NY 10006, return receipt requested, within five (5) calendar days. Time is of the essence.

2.      **No Consideration Absent Plaintiff's Material Representations and Promises.** Plaintiff understands and agrees that Plaintiff would not receive the Settlement Sum specified in Paragraph 1.1 above, except for the representations and promises made by Plaintiff in this Agreement.

3.      **Mutual Release of Claims.** In consideration of the promises, payments, and actions of Plaintiff and Defendants set out in this Settlement Agreement and other good and valuable consideration, Plaintiff and Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Settlement Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge each other from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act.

4.      **Indemnification and Tax Consequences.** Defendants may issue tax form 1099 with Box 3 checked as may be required by law. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the Settlement Sum set forth in Paragraph 1.1 above. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sums described in Paragraph 1.1 above. Plaintiff acknowledges that she has not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

5.      **Mutual Non-Disparagement.** Plaintiff and Defendants agree not to make any false statements, which defame, disparage, or demean each other in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of each other, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website. Truthful statements will not be considered a violation of this provision. Should the breaching party breach this non-disparagement provision and the non-breaching party is required to institute legal proceedings to enforce any of the provisions of this Paragraph, the breaching party agrees to pay the non-breaching party's reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by the non-breaching party in a court of competent jurisdiction and the non-breaching party is the prevailing party.

6. **Nonadmission of Wrongdoing.** The Settling Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Settling Parties wherein specific reference is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the Settling Parties, and fully supersedes any prior agreements or understandings between the Settling Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

9. **Counterparts and Facsimile Signatures.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The Settling Parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

10. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any of the Settling Parties may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

11. **Advice of Counsel.** Defendants have advised Plaintiff to consult with an attorney prior to signing this Agreement. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. Plaintiff represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon their independent judgment after consulting with counsel. In making this determination, Plaintiff has had an adequate opportunity to discuss and assess the merits of all their claims and potential claims. The Settling Parties further represent that their respective counsel and agents have translated this Agreement from English to their native language.

12. **Effective Date.** The effective date of this Agreement shall be the date upon which the last of the signatures below shall have been executed.

13. **Further Assurances.** The Settling Parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

THE SETTLING PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT HE HAS CONSULTED WITH HIS RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, HANG & ASSOCIATES, PLLC, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAD, HAVE OR MIGHT HAVE AGAINST DEFENDANTS.

_____          Dated: 6/4/2018
Domingo Germosen

_____          Dated: 5/18/18
Regal Finishing Corp.
by Matthew Nix, an Authorized Shareholder and/or Officer

_____          Dated: 5/18/18
James Nix

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Domingo Germosen, individually and on behalf all     Case No. 1:17-cv-02285
other employees similarly situated,

                            Plaintiff,

    -against-

Du-Well Furniture Services, Inc. d/b/a Du-Well
Furniture Finishers, Du-Well Wood Restoration
Corp., d/b/a Du-Well Wood Restoration, Nix
Restoration, Inc., d/b/a Nix Restoration, Regal
Finishing Corp., d/b/a Regal Finishing, Richard Nix,
and James Nix

                            Defendants.
---------------------------------------------------------------X

       **WHEREAS**, Plaintiff contends that Defendants did not compensate him properly under federal (FLSA) and state (NYLL) wage and hour laws;

       **WHEREAS**, Defendants Regal Finishing Corp. d/b/a Regal Finishing ("Regal") and James Nix, who appeared in this case, deny all allegations of wrongdoing made by Plaintiff;

       **WHEREAS**, the Plaintiff, Regal, and James Nix (the "Settling Parties"), have resolved this matter in its entirety;

       **WHEREAS**, the Court approves of the Settling Parties' resolution of this case without further litigation;

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the Settling Parties in the above captioned action, through the undersigned counsel, that Plaintiff's Complaint and any and all claims that were or could have been asserted in this action are hereby discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure, and with each party to bear its own costs, expenses, disbursements and attorneys' fees.

Date: June 15, 2018                              Date: June 15, 2018

**HANG & ASSOCIATES, PLLC**  
*Attorneys for Plaintiff Domingo Germosen*

**PINCUS LAW, LLC**  
*Attorneys for Defendants Regal Finishing Corp. d/b/a Regal Finishing and James Nix*

_____  
Jian Hang, Esq.  
William Brown, Esq.  
136-18 39th Avenue, Suite 1003  
Flushing, New York 11354  
Tel.: (718) 353 8588

_____  
Mark S. Pincus, Esq.  
One Liberty Plaza, 35th Floor  
New York, NY 10006  
Tel.: (212) 962-2900

**SO ORDERED:**

_____                        Date: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Domingo Germosen, individually and on behalf all       Case No. 1:17-cv-02285
other employees similarly situated,

                                Plaintiff,

      -against-

Du-Well Furniture Services, Inc. d/b/a Du-Well
Furniture Finishers, Du-Well Wood Restoration
Corp., d/b/a Du-Well Wood Restoration, Nix
Restoration, Inc., d/b/a Nix Restoration, Regal
Finishing Corp., d/b/a Regal Finishing, Richard Nix,
and James Nix

                               Defendants.
----------------------------------------------------------------X
STATE OF NEW YORK       )
                               ) ss:
COUNTY OF _____  )

      I, Matthew Nix, being duly sworn, deposes and says the following:

      1.     That I am a resident of the State of New York.

      2.     That Plaintiff alleges that he was not paid all wages required to be paid pursuant to the Fair Labor Standards Act and the New York Labor Law.

      3.     That I am an authorized representative of Regal Finishing Corp., and that I am signing this confession of judgment not on an individual basis but on behalf of Regal Finishing Corp.

      3.     That Regal Finishing Corp. has entered into a Settlement Agreement and General Release (the "Settlement Agreement") with Plaintiff on May ____, 2018, which provides in part that payment thirty-three dollars and no cents ($33,000.00) will be made to Plaintiff on or before July 1, 2019. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

      4.     I hereby confess judgment herein and authorize entry of judgment against Regal Finishing Corp., jointly and severally with all Defendants who sign the confession of judgment, in favor of Plaintiff for forty thousand dollars and no cents ($40,000.00), less the amount for the

Plaintiff for forty thousand dollars and no cents ($40,000.00), less the amount for the payments already made under the Settlement Agreement.

5. I hereby acknowledge, represent, and warrant to Plaintiff that I have been duly authorized (and have the full power and authority) to enter into, execute, deliver, perform and implement this Confession of Judgment, and that such Confession of Judgment is legal, valid, and binding upon me.

6. This affidavit of Confession of Judgment is for a debt justly due pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

9. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York, whereby Defendants agreed to: (1) pay Plaintiff the total sum of thirty-three thousand dollars and no cents ($33,000.00), due on or before July 1, 2019 and (2) confess 4judgment in the amount of forty thousand dollars and no cents ($40,000.00), with credit to be applied for settlement payments previously made, to be filed and judgment entered thereon in the event that Defendants default on their payment obligations under the Settlement Agreement.

10. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure such breach, this Confession of Judgment shall be docketed and entered as a judgment against me, jointly and severally with all Defendants who sign the confession of judgment, and against all property, of any kind, in which I, collectively or individually, have any ownership interest.

_____
James Nix, Individually

Sworn to before me this
18 day of May, 2018

_____
Notary Public

```
WILLIAM BARRIOS
Notary Public, State of New York
No. 01BA3131383
Qualified in Bronx County
Commission Expires August 01, 20__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Domingo Germosen, individually and on behalf all        Case No. 1:17-cv-02285
other employees similarly situated,

        Plaintiff,

 -against-

Du-Well Furniture Services, Inc. d/b/a Du-Well
Furniture Finishers, Du-Well Wood Restoration
Corp., d/b/a Du-Well Wood Restoration, Nix
Restoration, Inc., d/b/a Nix Restoration, Regal
Finishing Corp., d/b/a Regal Finishing, Richard Nix,
and James Nix

        Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK   )
           ) ss:
COUNTY OF _____ )

  I, James Nix, being duly sworn, deposes and says the following:

  1.  That I am a resident of the State of New York.

  2.  That Plaintiff alleges that he was not paid all wages required to be paid pursuant to the Fair Labor Standards Act and the New York Labor Law.

  3.  That I have entered into a Settlement Agreement and General Release (the "Settlement Agreement") with Plaintiff on May ____, 2018, which provides in part that payment thirty-three dollars and no cents ($33,000.00) will be made to Plaintiff on or before July 1, 2019. The terms of said Settlement Agreement and General Release are expressly incorporated herein.

  4.  I hereby confess judgment herein and authorize entry of judgment against me, jointly and severally with all Defendants who sign the confession of judgment, in favor of

payments already made under the Settlement Agreement.

5. I hereby acknowledge, represent, and warrant to Plaintiff that I have been duly authorized (and have the full power and authority) to enter into, execute, deliver, perform and implement this Confession of Judgment, and that such Confession of Judgment is legal, valid, and binding upon me.

6. This affidavit of Confession of Judgment is for a debt justly due pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

7. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York, whereby Defendants agreed to: (1) pay Plaintiff the total sum of thirty-three thousand dollars and no cents ($33,000.00), due on or before July 1, 2019 and (2) confess 4judgment in the amount of forty thousand dollars and no cents ($40,000.00), with credit to be applied for settlement payments previously made, to be filed and judgment entered thereon in the event that Defendants default on their payment obligations under the Settlement Agreement.

8. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure such breach, this Confession of Judgment shall be docketed and entered as a judgment against Regal Finishing Corp., jointly and severally with all Defendants who sign the confession of judgment, and against all property, of any kind, in which it, collectively or individually, has any ownership interest.

_____
Matthew Nix, on behalf of Regal Finishing Corp.

Sworn to before me this
___ day of May, 2018

_____
Notary Public

WILLIAM BARRIOS
Notary Public, State of New York
No. 01BA0131383
Qualified in Bronx County
Commission Expires ...